UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Emilio Delgado Sanchez,

        Plaintiff,

v.                                                             Civil No. 12-288 (JNE/LIB)
                                                           ORDER

Peco, Inc.,

        Defendant.

Invoking jurisdiction conferred by 28 U.S.C.A. § 1332 (West, Westlaw through P.L. 112-86 (excluding P.L. 112-55, 112-56, 112-74, 112-78, and 112-81)), Emilio Delgado Sanchez brought this action against Peco, Inc., for negligence and breach of warranty. He relied on § 1332(a)(2), which states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State . . . .

In the Complaint, Sanchez alleged that, "[a]t all times material herein, [he] was a citizen of Mexico living and residing in" Minnesota; that, "[a]t all times material herein, . . . Peco . . . was and is a subsidiary of FAS Machinery Sweden, and FAS Converting Machinery AB, and is a New Jersey corporation authorized to do business in the State of Minnesota, and purposely availed itself of the privilege to do business in Minnesota"; and that "[t]he amount in controversy exceeds $75,000.00, exclusive of costs and interest." The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Accordingly, the Court observes that Sanchez's

1

allegation of Peco's citizenship is incomplete.  The Court grants him an opportunity to properly allege it.

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  As the party invoking diversity jurisdiction, Sanchez bears the burden of establishing the citizenship of all parties.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

"For the purposes of" § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1).[1]  A corporation's principal place of business is "the place where [its] high level officers direct, control, and coordinate the corporation's activities." *Hertz*, 130 S. Ct. at 1186.  Sanchez did not allege where Peco has its principal place of business.  Without this information, the Court cannot ascertain whether subject-matter jurisdiction exists.  *Cf. Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 272-73 (6th Cir. 2007) ("It is well established that, under § 1332(a)(2), 'even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation.'" (quoting *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000))).

---

[1]  Before the recent addition of "foreign state" to § 1332(c)(1), three circuits had held that a domestic corporation whose principal place of business was in a foreign state was regarded solely as a citizen of its state of incorporation for the purposes of diversity jurisdiction.  *See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, Civil No. 09-3037, 2010 WL 234764, at *2 (D. Minn. Jan. 14, 2010) (citing cases from the Fifth, Seventh, and Eleventh Circuits).

Having failed to allege where Peco has its principal place of business, Sanchez has not satisfied his burden of establishing subject-matter jurisdiction.  Within seven days of the date of this Order, Sanchez shall file an Amended Complaint that specifically alleges the citizenship of all parties at the time of this action's commencement.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004).  If Sanchez fails to do so, the Court will dismiss this action for lack of subject-matter jurisdiction.  See 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated: February 13, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

3